ORIGINAL

# In the United States Court of Federal Claims

No. 15-704C
(Filed: May 3, 2017)
NOT FOR PUBLICATION

FILED

MAY - 3 2017

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * *

PATRICIA A. LEONARD,

    *Plaintiff,*

    v.

THE UNITED STATES,

    *Defendant,*

Motion for Reconsideration; Continuing
Claims Doctrine.

* * * * * * * * * * * * * * * * * * * *

---

## ORDER ON MOTION FOR RECONSIDERATION

---

This is a military pay claim in which plaintiff, Major Patricia A. Leonard, USA, Retired, seeks retroactive promotion and disability retirement benefits. On September 19, 2016, we entered judgment against plaintiff, concluding that plaintiff's disability rating claim accrued in 1994, well outside the six-year statute of limitations, and, in any event, had already been decided in *Leonard v. United States*, No. 95-817 (Fed. Cl. Aug. 15, 1996). We also held that plaintiff's claim for improper denial of promotion to Lieutenant Colonel was similarly barred by the statute of limitations.

Plaintiff timely filed a motion for reconsideration in which she alleges procedural error in that the court neglected to give her an opportunity to submit additional materials to oppose defendant's motion to dismiss. In addition, she seeks to advance a new legal theory to counter the running of the limitations period—the continuing claims doctrine. We asked the government to respond to the motion for reconsideration and the matter is now ready for resolution. Oral argument is deemed unnecessary. For the reasons set out below, we deny the motion. Familiarity with the background facts set out in our earlier opinion is presumed.

We begin with plaintiff's contention that she was prejudiced by the court's failure to consider certain additional materials she sought to introduce prior to the court's ruling on the motion to dismiss. On April 26, 2016, plaintiff moved, among other things, for permission to add to the administrative record. The motion attached certain documents. Our order of August 1, 2016 granted plaintiff's motion to supplement the administrative record, but, as plaintiff points out, set no deadline for submitting any additional materials. Plaintiff did not submit anything in addition to the materials attached to her motion, and the court entered its final order of dismissal on September 19, 2016. As part of the court's review of the motion for reconsideration, however, we permitted plaintiff to file the materials she says were not before the court, which she did on two occasions, and we have taken them into account in ruling on the present motion.

As defendant points out, most of the documents recently submitted by plaintiff were already before the court. None of the rest, however, alter in any way the dates on which her causes of action began to accrue. Indeed nothing in her motion for reconsideration attempts to explain how our factual analysis was incorrect. The entirety of the argument of the motion for reconsideration addresses the continuing claims doctrine.

Setting aside, for argument's sake, the untimeliness of plaintiff's assertion of the continuing claims doctrine, we find that it is legally incorrect.

A formal Physical Evaluation Board ("PEB") considered plaintiff's claim for disability retirement and concluded that her conditions developed naturally and were not related to her military service. As a result, in March 1994, it denied plaintiff the disability retirement that an earlier PEB had granted her. The Physical Disability Agency affirmed the second PEB decision in August 1994, and the Secretary of the Army approved the Physical Disability Agency's determination in May 1995. Plaintiff was released from active duty on June 26, 1995 at the rank of Major.

We agree with the government that all of plaintiff's claims originate from a single event—plaintiff's discharge, at the rank of Major, without a disability retirement. This single event triggered both of plaintiff's claims. Subsequent non-payment of retirement benefits calculated at the rank of Lieutenant Colonel did not, even under the case law upon which plaintiff relies, create new causes of action.

Plaintiff places principal reliance on *Friedman v. United States*, 310 F.2d 381 (1962), where the Court of Claims explained the continuing claims

doctrine:

> Over the years, the court's pay cases (military and civilian) concerned with the issue of limitations have often applied the so-called 'continuing claim' theory, i.e., periodic pay claims arising more than six years prior to suit are barred, but not those arising within the six-year span even though the administrative refusal to pay the sum claimed may have occurred, or the statute on which the claim is grounded may have been enacted, prior to six years. These were suits for additional pay at a higher grade, or claiming greater compensation (under a statute or regulation) than the claimant was receiving, or seeking special statutory increments or allowances, etc. The important characteristics of all these cases were: (a) Congress had not entrusted an administrative officer or tribunal with the determination of the claimant's eligibility for the particular pay he sought; (b) the cases turned on pure issues of law or on specific issues of fact which the court was to decide for itself (i.e., Congress had not established any administrative tribunal to decide either the factual or the legal questions); and (c) in general the cases called upon the court to resolve sharp and narrow factual issues not demanding judicial evaluation of broad concepts such as 'disability' (concepts which involve the weighing of numerous factors and considerations as well as the exercise of expertise and discretion).

Id. at 384–85.

In the present case, however, an administrative official or tribunal has been entrusted with making the determination of whether to dismiss plaintiff for disability and whether to deny her claim of eligibility for retirement for a service-related injury. Moreover, that determination was based on facts unique to plaintiff, which the army, not the court is in the best position to assess. I.e., resolution of her claim did not turn on pure questions of law, such as, for example, a class of individuals' entitlement to overtime pay. Finally, her case does involve judicial review of broad concepts of disability, decided in the first instance by the army. The decision to discharge plaintiff while she was still a major, in other words, is the type of fact-bound, discretion-limited question which needs to be resolved within the limitations period and not left for resolution at some indefinite time in the future.

Plaintiff's motion for reconsideration is denied.

ERIC G. BRUGGINK
Senior Judge